Joshua B. Swigart, Esq. (SBN: 225557)
josh@westcoastlitigation.com
Tiffany G. Jensen, Esq. (SBN: 256842)
tiffany@westcoastlitigation.com
**Hyde & Swigart**
411 Camino Del Rio South, Suite 301
San Diego, CA 92108-3551
Telephone:   (619) 233-7770
Facsimile:   (619) 297-1022

Attorneys for the Plaintiffs
Mark and Lori Roberts

FILED

'09 MAR 23 PM 1: 11

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY_____ DEPUTY

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Mark and Lori Roberts<br><br>Plaintiffs,<br><br>v.<br><br>CMRE Financial Services<br><br>Defendant. | Case Number:<br>'09 CV 0578  MMA NLS<br><br>**Complaint For Damages**<br><br>**Jury Trial Demanded** |

### INTRODUCTION

1. The United States Congress has found abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors, and has determined that abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy.  Congress wrote the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. (hereinafter "FDCPA"), to eliminate abusive debt collection practices by debt collectors,

ORIGINAL



1    to insure that those debt collectors who refrain from using abusive debt

2    collection practices are not competitively disadvantaged, and to promote

3    consistent State action to protect consumers against debt collection abuses.

2.    4    The California legislature has determined that the banking and credit system

5    and grantors of credit to consumers are dependent upon the collection of just

6    and owing debts and that unfair or deceptive collection practices undermine

7    the public confidence that is essential to the continued functioning of the

8    banking and credit system and sound extensions of credit to consumers. The

9    Legislature has further determined that there is a need to ensure that debt

10    collectors exercise this responsibility with fairness, honesty and due regard

11    for the debtor's rights and that debt collectors must be prohibited from

12    engaging in unfair or deceptive acts or practices.

3.    13    Mark and Lori Roberts, (Plaintiffs), through Plaintiffs' attorneys, bring this

14    action to challenge the actions of CMRE Financial Services, ("Defendant"),

15    with regard to attempts by Defendant to unlawfully and abusively collect a

16    debt allegedly owed by Plaintiffs, and this conduct caused Plaintiffs damage.

4.    17    Plaintiffs make these allegations on information and belief, with the exception

18    of those allegations that pertain to a plaintiff, or to a plaintiff's counsel, which

19    Plaintiffs allege on personal knowledge.

5.    20    Unless otherwise stated, Plaintiffs allege that any violations by Defendant

21    were knowing and intentional, and that Defendant did not maintain

22    procedures reasonably adapted to avoid any such violation.

23                                **JURISDICTION AND VENUE**

6.    24    Jurisdiction of this Court arises pursuant to 28 U.S.C. § 1331, 15 U.S.C. §

25    1692(k), and 28 U.S.C. § 1367 for supplemental state claims.

7.    26    This action arises out of Defendant's violations of the Fair Debt Collection

27    Practices Act, 15 U.S.C. §§ 1692 et seq. ("FDCPA") and the Rosenthal Fair

28

HYDE & SWIGART
San Diego, California

---

Debt Collection Practices Act, California Civil Code §§ 1788-1788.32 ("RFDCPA").

8. Because Defendant does business within the State of California, personal jurisdiction is established.

9. Venue is proper pursuant to 28 U.S.C. § 1391.

**PARTIES**

10. Plaintiffs are natural persons who reside in the City of San Diego, County of San Diego, State of California.

11. Defendant is located in the City of Brea, the County of Orange, and the State of California.

12. Plaintiffs are obligated or allegedly obligated to pay a debt, and are "consumers" as that term is defined by 15 U.S.C. § 1692a(3).

13. Defendant is a person who uses an instrumentality of interstate commerce or the mails in a business the principal purpose of which is the collection of debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another and is therefore a debt collector as that phrase is defined by 15 U.S.C. § 1692a(6).

14. Plaintiffs are natural persons from whom a debt collector sought to collect a consumer debt which was due and owing or alleged to be due and owing from Plaintiffs, and are "debtors" as that term is defined by California Civil Code § 1788.2(h).

15. Defendant, in the ordinary course of business, regularly, on behalf of himself, herself, or others, engages in debt collection as that term is defined by California Civil Code § 1788.2(b), is therefore a debt collector as that term is defined by California Civil Code § 1788.2(c).

//
//

HYDE & SWIGART
San Diego, California

16. This case involves money, property or their equivalent, due or owing or alleged to be due or owing from a natural person by reason of a consumer credit transaction.   As such, this action arises out of a consumer debt and "consumer credit" as those terms are defined by Cal. Civ. Code § 1788.2(f).

FACTUAL ALLEGATIONS

17. At all times relevant to this matter, Plaintiffs were individuals residing within the State of California.

18. At all times relevant, Defendant conducted business within the State of California.

19. Sometime before January 16, 2008, Plaintiffs are alleged to have incurred certain financial obligations.

20. These financial obligations were primarily for personal, family or household purposes and are therefore a "debt" as that term is defined by 15 U.S.C. §1692a(5).

21. These alleged obligations were money, property, or their equivalent, which is due or owing, or alleged to be due or owing, from a natural person to another person and are therefore a "debt" as that term is defined by California Civil Code §1788.2(d), and a "consumer debt" as that term is defined by California Civil Code §1788.2(f).

22. Sometime thereafter, but before January 16, 2008, Plaintiffs allegedly fell behind in the payments allegedly owed on the alleged debt.   Plaintiffs currently dispute the validity of this alleged debt.

23. Subsequently, but before January 16, 2008, the alleged debt was assigned, placed, or otherwise transferred, to Defendant for collection.

24. On or about January 16, 2008, Defendant mailed a dunning letter to Plaintiffs. A few days later, Plaintiffs received that letter.

HYDE & SWIGART
San Diego, California

25. This communication to Plaintiffs was a "communication" as that term is defined by 15 U.S.C. § 1692a(2), and an "initial communication" consistent with 15 U.S.C. § 1692g(a).

26. This communication was a "debt collection" as Cal. Civ. Code 1788.2(b) defines that phrase, and an "initial communication" consistent with Cal. Civ. Code § 1812.700(b).

27. This January 16, 2008 letter included the language necessary to meet the requirements of 15 U.S.C. § 1692g(b).

28. On or about February 10, 2008, Plaintiffs sent a letter to Defendant in which Plaintiff disputed the validity the debt in a manner consistent with the requirements in 15 U.S.C. § 1692g(b).

29. Plaintiffs are informed and believe, and thereon allege, that Defendant received Plaintiffs dispute letter on February 13, 2008, well within Plaintiffs' 30 day dispute period.

30. On or about April 3, 2008, Defendant filed a lawsuit in The Superior Court of California, County of San Diego, Case number 37-2008-00052877-CL-CL-NC, in an attempt to collect the alleged debt.

31. On or about April 17, 2008, Plaintiffs were served a Summons and Complaint for Case number 37-2008-00052877-CL-CL-NC.

32. By sending this communication, and demand for payment, before validating the debt as required pursuant to 15 U.S.C. § 1692g(b), Defendant violated 15 U.S.C. § 1692g.

33. By sending the above communications, Defendant acted in a manner that was deceptive, unfair, and unconscionable, thereby violating 15 U.S.C. §§ 1692e, 1692e(10) and 1692f.

34. Because these April 3, 2008 and April 17, 2008 communications did not comply with certain provisions of the FDCPA including, but not limited to, 15

HYDE & SWIGART
San Diego, California

1  U.S.C. §§ 1692e, 1692e(10), 1692f, and 1692g, these communications also
2  violated Cal. Civ. Code § 1788.17.

### CAUSES OF ACTION

### COUNT I

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

### 15 U.S.C. §§ 1692 ET SEQ.

35. Plaintiffs incorporate by reference all of the above paragraphs of this
    Complaint as though fully stated herein.

36. The foregoing acts and omissions constitute numerous and multiple violations
    of the FDCPA, including but not limited to each and every one of the above-
    cited provisions of the FDCPA, 15 U.S.C. § 1692 et seq.

37. As a result of each and every violation of the FDCPA, Plaintiffs are entitled to
    any actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in
    an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and,
    reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from
    Defendant.

### COUNT II

### VIOLATIONS OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT

### CAL. CIV. CODE §§ 1788-1788.32

38. Plaintiffs incorporate by reference all of the above paragraphs of this
    Complaint as though fully stated herein.

39. The foregoing acts and omissions constitute numerous and multiple violations
    of the RFDCPA.

40. As a result of each and every violation of the RFDCPA, Plaintiffs are entitled
    to any actual damages pursuant to Cal. Civ. Code § 1788.30(a); statutory
    damages for a knowing or willful violation in the amount up to $1,000.00
    pursuant to Cal. Civ. Code § 1788.30(b); and reasonable attorney's fees and
    costs pursuant to Cal. Civ. Code § 1788.30(c) from Defendant.

HYDE & SWIGART
San Diego, California

PRAYER FOR RELIEF

1       **WHEREFORE,** Plaintiffs pray that judgment be entered against Defendant, and

2 Plaintiffs be awarded damages from Defendant, as follows:

COUNT I

FAIR DEBT COLLECTION PRACTICES ACT

15 U.S.C. §§ 1692 ET SEQ.

41.   An award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1);

42.   An award of statutory damages of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A);

43.   An award of costs of litigation and reasonable attorney's fees, pursuant to 15 U.S.C. § 1692k(a)(3).

COUNT II

ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT

CAL. CIV. CODE §§ 1788-1788.32

44.   An award of actual damages pursuant to California Civil Code § 1788.30(a);

45.   An award of statutory damages of $1,000.00 pursuant to Cal. Civ. Code § 1788.30(b);

46.   An award of costs of litigation and reasonable attorney's fees, pursuant to Cal. Civ. Code § 1788.30(c).

TRIAL BY JURY

47.   Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiffs are entitled to, and demand, a trial by jury.

Date: March 23, 2009                  **Hyde & Swigart**

                                 By:

                                 Joshua B. Swigart

                                 Attorneys for the Plaintiffs

HYDE & SWIGART
San Diego, California

JS 44 (Rev. 12/07)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

| I. (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| Mark and Lori Roberts | CMRE Financial Services |

**FILED**

**'09 MAR 23 PM 1:11**

CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY_____ DEPUTY

**'09 CV 0578  MMA NLS**

(b) County of Residence of First Listed Plaintiff   San Diego
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant   Orange
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)
Hyde & Swigart
411 Camino Del Rio South Suite 301, San Diego, CA 92108

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

☐ 1 U.S. Government Plaintiff

☐ 2 U.S. Government Defendant

☒ 3 Federal Question (U.S. Government Not a Party)

☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 650 Airline Regs | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 690 Other | **SOCIAL SECURITY** | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | **LABOR** | ☐ 861 HIA (1395ff) | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 710 Fair Labor Standards Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 195 Contract Product Liability | **PERSONAL INJURY** | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | ☐ 362 Personal Injury - Med. Malpractice | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 864 SSID Title XVI | ☒ 890 Other Statutory Actions |
| **REAL PROPERTY** | ☐ 365 Personal Injury - Product Liability | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | **PERSONAL PROPERTY** | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 370 Other Fraud | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 371 Truth in Lending | | | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 380 Other Personal Property Damage | | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 385 Property Damage Product Liability | | | ☐ 950 Constitutionality of State Statutes |
| **CIVIL RIGHTS** | **PRISONER PETITIONS** | | | |
| ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | | | |
| ☐ 442 Employment | **Habeas Corpus:** | | | |
| ☐ 443 Housing/Accommodations | ☐ 530 General | | | |
| ☐ 444 Welfare | ☐ 535 Death Penalty | | | |
| ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | **IMMIGRATION** | | |
| ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | ☐ 462 Naturalization Application | | |
| ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | ☐ 463 Habeas Corpus - Alien Detainee | | |
| | | ☐ 465 Other Immigration Actions | | |

## V. ORIGIN (Place an "X" in One Box Only)

☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
15 USC 1692

Brief description of cause:
FDCPA

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $ 75,000

CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY

(See instructions): JUDGE _____ DOCKET NUMBER _____

DATE
3/23/09

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # 16297   AMOUNT 350.   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

3/23/09

CP

**ORIGINAL**

**UNITED STATES
DISTRICT COURT**
SOUTHERN DISTRICT OF CALIFORNIA
SAN DIEGO DIVISION

**# 161297   — SR
* * C O P Y * *
March 23, 2009**
13:15:49

**Civ Fil Non-Pris**
USAO #.: 09CV0578
Judge..: MICHAEL M. ANELLO
Amount.:                          $350.00 CK
Check#.: BC#2968


**Total—>   $350.00**


FROM: ROBERTS V. CMRE FINANCIAL
      CIVIL FILING